# EXHIBIT A

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, TENNESSEE

| | |
|---|---|
| ANTHONY BAKER, | ) |
| PLAINTIFF, | ) |
| BRIDGEFIELD CASUALTY INSURANCE COMPANY, INC. | ) No. CC-20-CV-768 <br> ) JURY DEMAND |
| PLAINTIFF/INTERVENOR, | ) |
| vs. | ) |
| NYRSTAR CLARKSVILLE, INC. and OUTOTEC (USA), INC., | ) |
| DEFENDANTS. | ) |

## FIRST AMENDED COMPLAINT

Plaintiff, for this cause of action against Defendants, as a matter of right pursuant to Tennessee Rule of Civil Procedure 15.01 and Tennessee Code Annotated § 20-1-119, files this First Amended Complaint and states to the Court:

1. Plaintiff Anthony Baker is a citizen and resident of Hickman County, Tennessee.

2. Defendant Nyrstar Clarksville, Inc. (hereinafter "Nyrstar") is a corporation organized under the laws of Maryland with its principal address in Clarksville, Montgomery County, Tennessee. It can be served through its registered agent for service of process, Gladivee Garcia, 1800 Zinc Plant Road, Clarksville, TN 37040-7092.

3. Defendant Outotec (USA), Inc. (hereinafter "Outotec") is a corporation organized under the laws of Delaware with its principal address in Jessup, Maryland. It can be served through its registered agent for service of process, C T Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919-5546.

**EXHIBIT A**

4. Defendant Nyrstar manufactures zinc, sulfuric acid, and cadmium at its facility located in Clarksville, Tennessee.

5. For decades, Defendant Nyrstar operated a zinc ore roaster at its Clarksville facility.

6. Defendant Nyrstar's roaster leaked sulfur dioxide gas.

7. Sulfur dioxide is toxic and colorless.

8. Inhaling sulfur dioxide can damage human lungs.

9. Defendant Nyrstar's roaster was leaking unsafe amounts of sulfur dioxide.

10. Because of the dangers of sulfur dioxide, personal protection equipment is required for anyone who is likely to be exposed to it.

11. Without personal protection equipment, exposure to sulfur dioxide emissions puts a person at significant risk of serious injury or death.

12. By July 2018, Defendant Nyrstar knew its roaster was leaking sulfur dioxide.

13. Defendant Nyrstar knew personal protection equipment was required for anyone who could be exposed to Defendant Nyrstar's leaking sulfur dioxide.

14. Defendant Nyrstar knew training was required for anyone who could be exposed to Defendant Nyrstar's leaking sulfur dioxide.

15. Defendant Nyrstar knew its leaking sulfur dioxide required warnings for anyone who could be exposed to Defendant Nyrstar's leaking sulfur dioxide.

16. In August 2019, Defendant Nyrstar was constructing a new zinc ore roaster at the facility.

17. Defendant Nyrstar brought in an outside contractor for the construction.

18. On August 8, 2019, Plaintiff Anthony Baker was sent to the facility as part of the construction.

19. Plaintiff Anthony Baker's job was to operate a large crane.

20. Plaintiff Anthony Baker's job required him to be near the leaking roaster.

21. No one from Defendant Nyrstar told Plaintiff Anthony Baker about the leaking sulfur dioxide.

22. No one from Defendant Nyrstar warned Plaintiff Anthony Baker about the leaking sulfur dioxide.

23. No one from Defendant Nyrstar gave Plaintiff Anthony Baker any training about sulfur dioxide hazards.

24. No one from Defendant Nyrstar gave Plaintiff Anthony Baker any training on personal protection equipment for sulfur dioxide exposure.

25. No one from Defendant Nyrstar provided any personal protection equipment for sulfur dioxide to Plaintiff Anthony Baker.

26. Plaintiff Anthony Baker did his job with no warnings, training, or personal protection for sulfur dioxide from any person.

27. Defendant Nyrstar exposed Plaintiff Anthony Baker to leaking sulfur dioxide.

28. Defendant Nyrstar caused Plaintiff Anthony Baker to inhale sulfur dioxide.

29. Defendant Nyrstar's leaking sulfur dioxide injured Plaintiff Anthony Baker's lungs.

30. The damage included blistering to his lungs and larynx.

31. The damage caused severe, persistent airway disease.

32. Defendant Nyrstar, by and through its employees and agents, knew or should have known that it was exposing Plaintiff Anthony Baker to toxic levels of sulfur dioxide without necessary equipment, training, or warnings.

33. Defendant Nyrstar, by and through its employees and agents, did not take reasonable precautions to protect Plaintiff Anthony Baker from injury due to sulfur dioxide exposure.

34. Based on Defendant's conduct described herein, Defendant was negligent.

35. Defendant Nyrstar violated its State permit by the amount of sulfur dioxide it leaked into the air.

36. Based on the Third Affirmative Defense in the First Amended Answer of Defendant Nyrstar, Defendant Outotec is at fault for the actions alleged herein and Defendant Outotec is liable to Plaintiff. Specifically, Defendant Nyrstar alleged as follows related to Outotec:

> This Defendant pleads and relies upon the doctrine of comparative fault as applicable to ...Outotec (USA) Inc. ("Outotec"). Plaintiff sued Defendant for injures alleged to have incurred while working for "an outside contractor for the construction." – i.e., not Defendant...To the extent any liability exists, the doctrine of comparative fault applies to ...Outotec, with respect to allegations of exposure and causation, including but not limited to allegations of insufficient warnings, training, and personal protective equipment. (Compl. Para. 20-27). These allegations of comparative fault extend to the assumption of risk associated with this construction project undertaken by...Outotec, and Plaintiff.

37. Plaintiff Anthony Baker has incurred and will continue to incur medical bills and other expenses as a direct and proximate result of the sulfur dioxide exposure.

38. Plaintiff Anthony Baker has endured and will continue to endure pain and suffering as a direct and proximate result of the sulfur dioxide exposure.

4

39. Plaintiff Anthony Baker has endured and will continue to endure lost enjoyment of life as a direct and proximate result of the sulfur dioxide exposure.

40. Plaintiff Anthony Baker has lost and will continue to lose wages as a direct and proximate result of the sulfur dioxide exposure.

41. Plaintiff Anthony Baker has lost earning capacity as a direct and proximate result of the sulfur dioxide exposure.

42. Plaintiff Anthony Baker is permanently scarred as a direct and proximate result of the sulfur dioxide exposure.

43. Plaintiff Anthony Baker is permanently impaired as a direct and proximate result of the sulfur dioxide exposure.

44. Plaintiff Anthony Baker seeks to recover for all of his damages allowed under Tennessee law.

WHEREFORE, Plaintiff Anthony Baker prays for the following relief:

1. A judgment for compensatory damages against Defendants jointly and severally;
2. Plaintiff states that, out of an abundance of caution under Tennessee law, and particularly because the courts take away any money the jury believes should be paid if it is more than the amount the plaintiff lists in court papers, the maximum amount that Plaintiff would accept through a judgment is two-million five hundred thousand dollars ($2,500,000.00) in compensatory damages, but that Plaintiff may ask the jury for a lesser amount at trial.
3. An award of all discretionary costs and court costs;
4. A jury be empaneled for the trial of this cause; and
5. Such other and further relief as shall be deemed reasonable and necessary.

Respectfully submitted,

*(signature)*

Brandon E. Bass, BPR# 22014
Elizabeth Sitgreaves, BPR#027539
LAW OFFICES OF JOHN DAY, P.C.
5141 Virginia Way, Suite 270
Brentwood, TN 37027
Telephone: 615.742.4880
Facsimile: 615.742.4881
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that, on February 25, 2022, a true and correct copy of the foregoing document has been served in the manner of service indicated on the counsel of record listed below:

☒ By U.S. Mail, properly addressed and first-class postage prepaid

☐ By facsimile

☐ By operation of the Court's electronic filing system

☐ By email in Adobe PDF format with confirmation sent pursuant to Tenn. R. Civ. P. 5.02(2)

☐ By hand delivery

☐ By email as previously agreed by counsel

☐ By third party express delivery carrier, i.e., Federal Express, for overnight delivery

John T. Feeney
Feeney & Murray, P.C.
9019 Overlook Blvd., Suite D-4
Brentwood, TN 37027
(615) 377-9000
*Attorney for Defendant*
*Nyrstar Clarksville Inc.*

6

Scott J. Crosby,
Burch, Porter & Johnson, PLLC
130 North Court Avenue
Memphis, TN 38103
(901)524-5000
*Attorney for*
*Bridgefield Casualty Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served with the original summons and Amended complaint on the following:

Outotec (USA), Inc,
Through its Registered Agent
CT Corporation Systems
300 Montvue Rd.
Knoxville, TN 37919

_____
Elizabeth Sitgreaves