UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANTHONY BAKER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| BRIDGEFIELD CASUALTY INSURANCE | ) |
| COMPANY, INC., | ) |
| | ) |
|     Plaintiff/Intervenor, | ) |
| | ) |
| v. | )   Case No. 3:22-cv-00250 |
| | )   JUDGE TRAUGER |
| NYRSTAR CLARKSVILLE, INC. and | ) |
| OUTOTEC (USA), INC., | ) |
| | ) |
|     Defendants. | ) |

## DEFENDANT OUTOTEC (USA), INC.'S ANSWER
## TO PLAINTIFF'S FIRST AMENDED COMPLAINT

For its answer to the First Amended Complaint, Defendant Outotec (USA), Inc. ("Outotec"), by its attorneys, pleads as follows:

1. Plaintiff Anthony Baker is a citizen and resident of Hickman County, Tennessee.

**ANSWER**: Outotec lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of Plaintiff's First Amended Complaint and, therefore, denies the same.

2. Defendant Nyrstar Clarksville, Inc. (hereinafter "Nyrstar") is a corporation organized under the laws of Maryland with its principal address in Clarksville, Montgomery County, Tennessee. It can be served through its registered agent for service of process, Gladivee Garcia, 1800 Zinc Plant Road, Clarksville, TN 37040-7092.

**ANSWER**: Outotec admits Nyrstar is a corporation organized under the laws of Maryland. Upon information and belief, Nyrstar's principal place of business is in Maryland. Outotec lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations set forth in Paragraph 2 of Plaintiff's First Amended Complaint and, therefore, denies the same.

3. Defendant Outotec (USA), Inc. (hereinafter "Outotec") is a corporation organized under the laws of Delaware with its principal address in Jessup, Maryland. It can be served through its registered agent for service of process, C T Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919-5546.

**ANSWER**: Outotec admits that it is a corporation organized under the laws of Delaware and that it has a registered agent, C T Corporation System, 300 Montvue Road, Knoxville, TN 37919-5546. Outotec denies the remaining allegations set forth in Paragraph 3 of Plaintiff's First Amended Complaint.

4. Defendant Nyrstar manufactures zinc, sulfuric acid, and cadmium at its facility located in Clarksville, Tennessee.

**ANSWER**: Outotec admits that Nyrstar has a facility in Clarksville, Tennessee. Outotec lacks knowledge or information sufficient to form a belief as to the extent of the activities alleged in Paragraph 4 of Plaintiff's First Amended Complaint and, therefore, denies the same.

5. For decades, Defendant Nyrstar operated a zinc ore roaster at its Clarksville facility.

**ANSWER**: Outotec admits that Nyrstar operated a zinc ore roaster at its Clarksville facility. Outotec lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of Plaintiff's First Amended Complaint and, therefore, denies the same.

6. Defendant Nyrstar's roaster leaked sulfur dioxide gas.

**ANSWER**: Outotec admits that Nyrstar's Clarksville facility's zinc ore roaster developed a leak prior to August of 2019 and that Nyrstar was in the process of constructing a new roaster in August 2019.

7. Sulfur dioxide is toxic and colorless.

**ANSWER**: Outotec admits that sulfur dioxide exposure can be harmful in high concentrations and admits that sulfur dioxide is colorless and pungent.

8. Inhaling sulfur dioxide can damage human lungs.

**ANSWER**: Outotec admits that sulfur dioxide exposure can be harmful in high concentrations.

9. Defendant Nyrstar's roaster was leaking unsafe amounts of sulfur dioxide.

**ANSWER**: Outotec lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of Plaintiff's First Amended Complaint and, therefore, denies the same.

10. Because of the dangers of sulfur dioxide, personal protection equipment is required for anyone who is likely to be exposed to it.

**ANSWER**: Outotec admits that sulfur dioxide exposure can be harmful in high concentrations and that personal protection equipment can assist in minimizing exposure to sulfur dioxide.

11. Without personal protection equipment, exposure to sulfur dioxide emissions puts a person at significant risk of serious injury or death.

**ANSWER**: Outotec admits that sulfur dioxide exposure can be harmful in high concentrations. Outotec denies that any and every exposure to sulfur dioxide emissions puts a person at significant risk of serious injury or death.

12. By July 2018, Defendant Nyrstar knew its roaster was leaking sulfur dioxide.

**ANSWER**: Outotec admits that Nyrstar's Clarksville facility's zinc ore roaster developed a leak prior to August of 2019 and that Nyrstar was in the process of constructing a new roaster in August 2019.

13. Defendant Nyrstar knew personal protection equipment was required for anyone who could be exposed to Defendant Nyrstar's leaking sulfur dioxide.

**ANSWER**: Outotec lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of Plaintiff's First Amended Complaint and, therefore, denies the same.

14. Defendant Nyrstar knew training was required for anyone who could be exposed to Defendant Nyrstar's leaking sulfur dioxide.

**ANSWER**: Outotec lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of Plaintiff's First Amended Complaint and, therefore, denies the same.

15. Defendant Nyrstar knew its leaking sulfur dioxide required warnings for anyone who could be exposed to Defendant Nyrstar's leaking sulfur dioxide.

**ANSWER**: Outotec lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of Plaintiff's First Amended Complaint and, therefore, denies the same.

16. In August 2019, Defendant Nyrstar was constructing a new zinc ore roaster at the facility.

**ANSWER**: Outotec admits the allegations set forth in Paragraph 16 of Plaintiff's First Amended Complaint. Outotec affirmatively avers that it was not involved in the construction of a new zinc roaster at Nyrstar in August 2019.

17. Defendant Nyrstar brought in an outside contractor for the construction.

**ANSWER**: Outotec admits that Nyrstar brought in John W. McDougall Co., Inc. as an outside contractor for the construction. Outotec affirmatively avers that it was not involved in the construction of a new zinc roaster at Nyrstar in August 2019.

18. On August 8, 2019, Plaintiff Anthony Baker was sent to the facility as part of the construction.

**ANSWER**: Outotec lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of Plaintiff's First Amended Complaint and, therefore, denies the same.

19. Plaintiff Anthony Baker's job was to operate a large crane.

**ANSWER**: Outotec lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of Plaintiff's First Amended Complaint and, therefore, denies the same.

20. Plaintiff Anthony Baker's job required him to be near the leaking roaster.

**ANSWER**: Outotec lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of Plaintiff's First Amended Complaint and, therefore, denies the same.

21. No one from Defendant Nyrstar told Plaintiff Anthony Baker about the leaking sulfur dioxide.

**ANSWER**: Outotec lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of Plaintiff's First Amended Complaint and, therefore, denies the same. Additionally, Outotec denies it is liable to Plaintiff in any way.

22. No one from Defendant Nyrstar warned Plaintiff Anthony Baker about the leaking sulfur dioxide.

**ANSWER**: Outotec lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of Plaintiff's First Amended Complaint and, therefore, denies the same. Additionally, Outotec denies it is liable to Plaintiff in any way.

23. No one from Defendant Nyrstar gave Plaintiff Anthony Baker any training about sulfur dioxide hazards.

**ANSWER**: Outotec lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of Plaintiff's First Amended Complaint and, therefore, denies the same. Additionally, Outotec denies it is liable to Plaintiff in any way.

24. No one from Defendant Nyrstar gave Plaintiff Anthony Baker any training on personal protection equipment for sulfur dioxide exposure.

**ANSWER**: Outotec lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of Plaintiff's First Amended Complaint and, therefore, denies the same. Additionally, Outotec denies it is liable to Plaintiff in any way.

25. No one from Defendant Nyrstar provided any personal protection equipment for sulfur dioxide to Plaintiff Anthony Baker.

**ANSWER**: Outotec lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of Plaintiff's First Amended Complaint and, therefore, denies the same. Additionally, Outotec denies it is liable to Plaintiff in any way.

26. Plaintiff Anthony Baker did his job with no warnings, training, or personal protection for sulfur dioxide from any person.

**ANSWER**: Outotec lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of Plaintiff's First Amended Complaint and, therefore, denies the same. Additionally, Outotec denies it is liable to Plaintiff in any way.

27. Defendant Nyrstar exposed Plaintiff Anthony Baker to leaking sulfur dioxide.

**ANSWER**: Outotec lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of Plaintiff's First Amended Complaint and, therefore, denies the same. Additionally, Outotec denies it is liable to Plaintiff in any way.

28. Defendant Nyrstar caused Plaintiff Anthony Baker to inhale sulfur dioxide.

**ANSWER**: Outotec lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of Plaintiff's First Amended Complaint and, therefore, denies the same. Additionally, Outotec denies it is liable to Plaintiff in any way.

29. Defendant Nyrstar's leaking sulfur dioxide injured Plaintiff Anthony Baker's lungs.

**ANSWER**: Outotec lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of Plaintiff's First Amended Complaint and, therefore, denies the same. Additionally, Outotec denies it is liable to Plaintiff in any way.

30. The damage included blistering to his lungs and larynx.

**ANSWER**: Outotec lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of Plaintiff's First Amended Complaint and, therefore, denies the same.

31. The damage caused severe, persistent airway disease.

**ANSWER**: Outotec lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of Plaintiff's First Amended Complaint and, therefore, denies the same.

32. Defendant Nyrstar, by and through its employees and agents, knew or should have known that it was exposing Plaintiff Anthony Baker to toxic levels of sulfur dioxide without necessary equipment, training, or warnings.

**ANSWER**: Outotec lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of Plaintiff's First Amended Complaint and, therefore, denies the same. Additionally, Outotec denies it is liable to Plaintiff in any way.

33. Defendant Nyrstar, by and through its employees and agents, did not take reasonable precautions to protect Plaintiff Anthony Baker from injury due to sulfur dioxide exposure.

**ANSWER**: Outotec lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of Plaintiff's First Amended Complaint and, therefore, denies the same. Additionally, Outotec denies it is liable to Plaintiff in any way.

34. Based on Defendant's conduct described herein, Defendant was negligent.

**ANSWER**: The allegation in Paragraph 34 of Plaintiff's First Amended Complaint refers to "Defendant" in the singular and appears to be directed to Nyrstar. Nevertheless, Outotec denies that it was negligent in any way. Outotec lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 34 of Plaintiff's First Amended Complaint and, therefore, denies the same.

35. Defendant Nyrstar violated its State permit by the amount of sulfur dioxide it leaked into the air.

**ANSWER**: Outotec lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of Plaintiff's First Amended Complaint and, therefore, denies the same.

36. Based on the Third Affirmative Defense in the First Amended Answer of Defendant Nyrstar, Defendant Outotec is at fault for the actions alleged herein and Defendant Outotec is liable to Plaintiff. Specifically, Defendant Nyrstar alleged as follows related to Outotec:

> This Defendant pleads and relies upon the doctrine of comparative fault as applicable to . . . Outotec (USA) Inc. ("Outotec"). Plaintiff sued Defendant for injures alleged to have incurred while working for "an outside contractor for the construction." — i.e., not Defendant . . . To the extent any liability exists, the doctrine of comparative fault applies to . . . Outotec, with respect to allegations of exposure and causation, including but not limited to allegations of insufficient warnings, training, and personal protective equipment. (Compl. Para. 20-27). These allegations of comparative fault extend to the assumption of risk associated with this construction project undertaken by ... Outotec, and Plaintiff.

**ANSWER**: Outotec denies the allegations set forth in Paragraph 36 of the First Amended Complaint.

37. Plaintiff Anthony Baker has incurred and will continue to incur medical bills and other expenses as a direct and proximate result of the sulfur dioxide exposure.

**ANSWER**: Outotec lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of Plaintiff's First Amended Complaint and, therefore, denies the same.

38. Plaintiff Anthony Baker has endured and will continue to endure pain and suffering as a direct and proximate result of the sulfur dioxide exposure.

**ANSWER**: Outotec lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of Plaintiff's First Amended Complaint and, therefore, denies the same.

39. Plaintiff Anthony Baker has endured and will continue to endure lost enjoyment of life as a direct and proximate result of the sulfur dioxide exposure.

**ANSWER**: Outotec lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of Plaintiff's First Amended Complaint and, therefore, denies the same.

40. Plaintiff Anthony Baker has lost and will continue to lose wages as a direct and proximate result of the sulfur dioxide exposure.

**ANSWER**: Outotec lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of Plaintiff's First Amended Complaint and, therefore, denies the same.

41. Plaintiff Anthony Baker has lost earning capacity as a direct and proximate result of the sulfur dioxide exposure.

**ANSWER**: Outotec lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of Plaintiff's First Amended Complaint and, therefore, denies the same.

42. Plaintiff Anthony Baker is permanently scarred as a direct and proximate result of the sulfur dioxide exposure.

**ANSWER**: Outotec lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of Plaintiff's First Amended Complaint and, therefore, denies the same.

43. Plaintiff Anthony Baker is permanently impaired as a direct and proximate result of the sulfur dioxide exposure.

**ANSWER**: Outotec lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of Plaintiff's First Amended Complaint and, therefore, denies the same.

44. Plaintiff Anthony Baker seeks to recover for all of his damages allowed under Tennessee law.

**ANSWER**: The allegations set forth in Paragraph 44 contain legal conclusions to which no response is required. To the extent that a response is required, Outotec denies that it is liable in any way to Plaintiff. Moreover, Outotec lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of Plaintiff's First Amended Complaint and, therefore, denies the same.

The remainder of Plaintiff's First Amended Complaint constitutes plaintiff's Prayer for Relief. Outotec denies that Plaintiff is entitled to any relief, and Outotec denies that it is liable to Plaintiff for any amount and/or under any theory of liability. Any allegation of Plaintiff's First Amended Complaint not previously admitted, denied, or denied on the basis of insufficient knowledge and information, is hereby denied as if such denials were set forth in full herein.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials of the allegations contained in Plaintiff's First Amended Complaint, and without waiving the obligations of Plaintiff to prove every factual element of his claims, Outotec, as and for its special and affirmative defenses states as follows and reserves the right to amend or supplement these defenses upon further discovery:

-10-

Case 3:22-cv-00250   Document 9   Filed 04/22/22   Page 10 of 14 PageID #: 48

1. Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted against Outotec.

2. Plaintiff's claims are barred, in full or in part, by the applicable statutes of limitation and/or the doctrines of waiver, estoppel, laches, ratification, or laches.

3. While denying Outotec committed any negligent or wrongful act that proximately caused or contributed to Plaintiff's damages, Outotec avers that its alleged negligent or wrongful acts, if any, should be compared to the negligence or wrongful acts of Plaintiff, Nyrstar, John W. McDougall Co., Inc., Industrial Contractors, Inc., and/or any other persons or parties revealed in discovery that may be liable for the incident at issue and for whom Outotec is not responsible. Outotec further avers that such comparison may establish that the fault of Plaintiff, Nyrstar, John W. McDougall Co., Inc., Industrial Contractors, Inc. and/or any other persons or parties revealed in discovery was equal to or greater than the fault of Outotec, thus barring or reducing Plaintiff's recovery, if any.

4. The damages alleged in the First Amended Complaint were caused solely by the superseding, intervening acts and conduct or Plaintiff, Nyrstar, John W. McDougall Co., Inc., Industrial Contractors, Inc., and/or any other persons or parties revealed in discovery which intervened between Outotec's alleged acts and Plaintiff's claimed damages over whom Outotec exercised no control.

5. Plaintiff's damages, if any, were caused in whole or in part by Plaintiff's employer's failure, Nyrstar's failure, John W. McDougall Co., Inc.'s failure, Industrial Contractors, Inc.'s failure, and/or some other person or party's failure to provide warnings or instruction to Plaintiff about any hazards associated with the project that is the subject of this litigation.

-11-

Case 3:22-cv-00250   Document 9   Filed 04/22/22   Page 11 of 14 PageID #: 49

6. To the extent that Plaintiff claims any warnings were inadequate, those claims are barred because the alleged risk is open, obvious, and/or a matter of common knowledge.

7. Plaintiff's claims are barred, in whole or in part, because Outotec exercised the degree of care required by law.

8. Plaintiff's damages, if any, must be reduced due to Plaintiff's failure to mitigate damages.

9. To the extent they do not conflict with the preceding defenses and its Answer, Outotec asserts those affirmative defenses raised by other Defendants to this action.

10. To the extent the proof demonstrates that Plaintiff has engaged in testing and/or destructive testing, which resulted in relevant evidence in this matter being destroyed and/or failing to be preserved, and to the extent Outotec was not afforded a reasonable opportunity to be present at and/or involved in any such testing and/or destructive testing, Outotec relies upon the doctrine of spoliation of evidence as grounds for sanctions against Plaintiff, including, but not limited to, dismissal with prejudice of all claims of the Plaintiff against Outotec.

11. Outotec has not yet had the opportunity to complete its investigation and discovery concerning the allegations set forth in Plaintiff's First Amended Complaint. Accordingly, Outotec reserves the right, upon permission of the Court, to amend its Answer, or to include in a pre-trial order, such further affirmative defenses as may be deemed applicable based upon further investigation and discovery.

For the foregoing reasons, Plaintiff's First Amended Complaint should be dismissed with the costs assessed to the Plaintiff, and Defendant should be awarded such other relief as may be just.

WHEREFORE, Defendant Outotec (USA), Inc. prays as follows:

a. That Plaintiff's claims against it be dismissed with prejudice with all costs of this action, including discretionary costs, taxed to Plaintiff;

b. That, if not dismissed, this action be tried before a jury of twelve (12); and

c. That Outotec has such other general and further relief to which it may be entitled.

Respectfully submitted,

**BUTLER SNOW LLP**

/s/ Matthew R. Hinson
Taylor B. Mayes (BPR# 19495)
Taylor.Mayes@butlersnow.com
Matthew R. Hinson (BPR# 37559)
Matt.Hinson@butlersnow.com
150 Third Avenue South
Suite 1600
Nashville, TN 37201
Phone: (615) 651-6700
Fax: (615) 651-6701

*Attorneys for Defendant Outotec (USA), Inc.*

# CERTIFICATE OF SERVICE

     I hereby certify that a true and exact copy of the foregoing Answer of Outotec to Plaintiff's First Amended Complaint has been forwarded, via the ECF system, U.S. First Class Mail, postage prepaid, and/or E-mail, on this 22nd day of April, 2022, to the following:

| | |
|---|---|
| Brandon E. Bass<br>bbass@johndaylegal.com<br>Elizabeth Sitgreaves<br>lsitgreaves@johndaylegal.com<br>LAW OFFICES OF JOHN DAY, P.C.<br>5141 Virginia Way, Suite 270<br>Brentwood, TN 37207<br>Phone: (615) 742-4880<br>Fax: (615) 742-4881<br><br>*Attorneys for Plaintiff*<br><br>Scott J. Crosby<br>Burch, Porter & Johnson, PLLC<br>130 North Court Avenue<br>Memphis, TN 38103<br>(901) 524-5000<br>scrosby@bpjlaw.com<br><br>*Attorney for Bridgefield Casualty Insurance Company* | John T. Feeney<br>Feeney & Murray, P.C.<br>9019 Overlook Blvd, Suite D-4<br>Brentwood, TN 37027<br>(615) 377-9000<br>jtf@feeneymurray.com<br><br>Aaron Karabel<br>aron.karabel@wallerlaw.com<br>Frederick L. Conrad III<br>trip.conrad@wallerlaw.com<br>Elizabeth Malloy<br>elizabeth.malloy@wallerlaw.com<br>Waller Lansden Dortch & Davis<br>Nashville City Center<br>511 Union St., Suite 2700<br>Nashville, TN 37219<br>(615) 244-6380<br><br>*Attorneys for Defendant Nyrstar Clarksville, Inc.* |

                                                                                                        /s/ Matthew R. Hinson