IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE, TENNESSEE

| | |
|---|---|
| ANTHONY BAKER | )<br>)|
| Plaintiff, | )<br>) |
| BRIDGEFIELD CASUALTY<br>INSURANCE COMPANY, INC., | )<br>)  No. 3:22-cv-00250 |
| Plaintiff/Intervenor | )<br>)<br>) |
| vs. | )<br>) |
| NYRSTAR CLARKSVILLE INC. and<br>OUTOTEC (USA), INC. | )<br>)<br>) |
| Defendants. | )<br>) |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE

This action arises from an incident in which Plaintiff Anthony Baker was exposed to sulfur dioxide at the Nyrstar Clarksville plant in Clarkesville, Tennessee. Defendant Outotec (USA) Inc. (hereinafter "Outotec"), in its recently filed Answer, alleges comparative fault defenses against certain unidentified individuals in numbered paragraphs 3, 4, and 5 of its Affirmative Defenses. (Doc. 9, PageID#49). Specifically, Defendant Outotec alleges that fault in various forms should be assessed against "other persons or parties revealed in discovery" without specifically identifying these "other persons or parties" (Doc. 9, PageID#49[1]).

This matter was removed to federal court based upon diversity jurisdiction. Under substantive Tennessee law, a Defendant is required to identify the persons to whom fault may be assessed. Specific identification in the answer of an individual or entity to whom fault may be placed is critical under substantive Tennessee law because it enables the plaintiff to add any named

---

[1] Defendant also specifically alleges fault against certain named entities, Plaintiff, Nyrstar, John W. McDougall Co., Inc., and Industrial Contractors, Inc. (Doc. 9, PageID#49). Plaintiff has no objection for the Defendant's assertion of fault against properly named and identified parties or non-parties.

nonparties to the lawsuit. However, lacking specific identification, a plaintiff cannot bring all parties before the Court to obtain a complete financial recovery. Because Defendant Outotec has not identified the persons it contends could be at fault, its allegations are legally insufficient and should be stricken.

I. Background

In August 2019, Plaintiff Anthony Baker was sent to the Nyrstar Clarksville facility as part of the construction of a new zinc ore roaster. (Doc. 1-1, PageID#7-8). While at the Nyrstar Clarksville plant, Plaintiff Anthony Baker was exposed to sulfur dioxide and suffered injuries in injuries to his lungs and larynx. (Doc. 1-1, PageID#9). In his First Amended Complaint, Plaintiff alleged the negligent actions of Nyrstar Clarksville in its failure to take reasonable precautions to protect Plaintiff from injury, including failures to tell him of the leaking sulfur dioxide, warn him of the leaking sulfur dioxide, and provide him personal protection equipment to protect him from the leaking sulfur dioxide. (Doc. 1-1, PageID#9). In his First Amended Complaint, Plaintiff additionally asserted allegations against Outotec, based upon the allegations of comparative fault by Nyrstar against Outotec. (Doc. 1-1, PageID#10). Specifically, Plaintiff asserted fault against Outotec based upon the comparative fault asserted by Nyrstar against Outotec for "allegations of insufficient warnings, training, and personal protective equipment." (Doc. 1-1, PageID#10).

In its Answer to Plaintiff's First Amended Complaint, Defendant Outotec alleges that Plaintiff, Nyrstar, and two non-parties, John W. McDougall and Industrial Contractors were at fault. (Doc. 9, PageID#49). Plaintiff has no objection to how Defendant Outotec pleads the fault of these specifically identified individuals and entities. Instead, Plaintiff's concern is with the various allegations against unnamed "other persons or parties revealed in discovery." (Doc. 9, PageID#49).

## II. Argument

Under Federal Rule of Civil Procedure 8(c), a defendant is required to set forth affirmatively any matter constituting an avoidance or affirmative defense, including comparative fault. The Court may order stricken any insufficient defense. Fed. R. Civ. P. 12(f). In diversity cases, the legal sufficiency of a defense is determined under the applicable state substantive law. *See* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1381 at 789-99 (1969). In *Resolution Tr. Corp. v. Thomas*, No. CIV. A. 92–2084–GTV, 1995 WL 261641 (D. Kan. Apr. 25, 1995), the District Court struck a comparative fault defense because it did not identify any nonparties as required by substantive state law:

> Defendants attempt to assert the comparative fault or contributory negligence of other unidentified persons is vague and conclusory in nature. If the defendants wish to advance a defense of comparative fault or contributory negligence of persons other than the RTC, then they must so state in their answer. *Hardin v. Manitowoc–Forsythe Corp.,* 691 F.2d 449 (10th Cir.1982). The court has no choice but to strike the defense unless defendants are able to identify the factual basis upon which their affirmative defense rests and identify the persons to which they wish to attribute fault. Consistent with a previous order (Doc. 289) entered in this case, the defendants are granted leave to file an amended answer indicating those individuals or entities whom defendants contend were contributorily negligent or comparatively at fault.

*Id.* at *2.

The Tennessee Supreme Court has made clear that a defendant is not permitted to allege fault against unidentified tortfeasors. In *Brown v. Wal-Mart Discount Cities*, 12 S.W.3d 785, 786 (Tenn. 2000), the Supreme Court held that "the defendant may not attribute fault to a nonparty who is not identified sufficiently to allow the plaintiff to plead and serve process on such person pursuant to Tenn. Code Ann. § 20-1-119 (1994 & Supp. 1999), even if the defendant establishes the nonparty's existence by clear and convincing evidence."

3

> Accordingly, in providing that a plaintiff should either amend the complaint or institute a separate suit against the "person" alleged as a comparative tortfeasor in defendant's answer, Tenn. Code Ann. § 20-1-119 contemplates that the plaintiff will actually know the identity of the alleged individual or entity.

*Brown* at 788 (citation omitted).

The requirement that a defendant identify the alleged tortfeasors sufficiently enough to allow the plaintiff to plead and serve process is a cornerstone of Tennessee substantive law. The Tennessee Supreme Court's decision in *Brown* is based on Tennessee's case law and statutory law. *Brown*, 12 S.W.3d at 787. Thus, in analyzing whether the comparative fault defense is sufficient, this court should do so, not in a vacuum, but in the context of the underlying substantive Tennessee law regarding comparative fault allegations and the framework of Tenn. Code Ann. § 20-1-119.

By failing to identify the "other persons or parties" against whom they are asserting comparative fault, they have failed to meet the legal requirements for asserting comparative fault under Tennessee law. *See Willis v. Phillips*, No. 1:18-CV-142, 2018 WL 5983562, at *3 (E.D. Tenn. Nov. 14, 2018) (quoting *Breeding v. Edwards*, 62 S.W.3d 170, 174 (Tenn. Ct. App. 2001) ("The *Brown* rule 'should be viewed as a shield that can be used by a plaintiff to ward off a defendant's attempt to avoid the imposition of fault upon itself by assigning fault to one who, because of its phantom status, cannot be cast in judgment.'"). Under Tennessee law, Defendant Outotec's allegations of comparative fault as plead would be insufficient.

Thus, when considering the underlying Tennessee substantive law, fair notice of the defense of comparative fault is not truly given unless defendants identify the parties being blamed. Federal courts applying Tennessee law in diversity matters have correctly analyzed this issue and stricken comparative fault defenses that fail to identify the alleged tortfeasors. *See, e.g., Willis v. Phillips*, No. 1:18-CV-142, 2018 WL 5983562, at *3 (E.D. Tenn. Nov. 14, 2018); *Welch v. FFE Transp. Services, Inc.*, No. 3:13-cv-336, 2015 WL 3795917, at *4 (E.D. Tenn. June 18,

2015); *Debakker v. Hanger Prosthetics & Orthotics East, Inc.*, No. 3:08-cv-11, 2009 WL 3241739, at *2-3 (E.D. Tenn. Sept. 30, 2009).

Plaintiff respectfully asks this Court to do so as well by striking the bolded language below from Defendant Outotec's Answer:

> 3. While denying Outotec committed any negligent or wrongful act that proximately caused or contributed to Plaintiff's damages, Outotec avers that its alleged negligent or wrongful acts, if any, should be compared to the negligence or wrongful acts of Plaintiff, Nyrstar, John W. McDougall Co., Inc., Industrial Contractors, Inc., **and/or any other persons or parties revealed in discovery** that may be liable for the incident at issue and for whom Outotec is not responsible. Outotec further avers that such comparison may establish that the fault of Plaintiff, Nyrstar John W. McDougall Co., Inc. Industrial Contractors, Inc. **and/or any other persons or parties revealed in discovery** was equal to or greater than the fault of Outotec, thus barring or reducing Plaintiff's recovery, if any.
>
> 4. The damages alleged in the First Amended Complaint were caused solely by the superseding, intervening acts and conduct or (sic) Plaintiff, Nyrstar, John W. McDougall Co., Inc., Industrial Contractors, Inc., **and/or any other persons or parties revealed in discovery** which intervened between Outotec's alleged acts and Plaintiff's claimed damages over whom Outotec exercised no control.
>
> 5. Plaintiff's damages, if any, were caused in whole or in part by Plaintiff's employer's failure, Nyrstar's failure, John W. McDougall Co., Inc.'s failure, Industrial Contractors, Inc.'s failure, **and/or some other person or party's** failure to provide warnings or instruction to Plaintiff about any hazards associated with the project that is the subject of this litigation.

(Doc. 9, PageID#49).

Notably, even by its own pleading, Defendant Outotec seems to recognize that it cannot actually identify the "other person or parties" at this stage by qualifying its allegations with "revealed in discovery." Defendant Outotec's failure to identify these persons or parties who *might* have fault renders the comparative fault defense insufficient. This is exactly the type of "phantom" pleading that Tennessee courts have rejected.

5

This is particularly important because the potential prejudice to Plaintiff is great. *Swearengen v. DMC-Memphis, Inc.*, 488 S.W.3d 774, 779 (Tenn. Ct. App. 2015) (holding comparative fault allegation against "other persons" triggered the deadline under Tenn. Code Ann. § 20-1-119 such that when the defendant later specifically identified the "other persons" in an amended answer, the plaintiff's subsequent lawsuit against the nonparties was deemed untimely). The references to "other persons or parties" should be stricken now so that, if Defendant Outotec later identifies a person in a subsequent answer, Plaintiff may utilize Tenn. Code Ann. § 20-1-119 to join the nonparty to this lawsuit, notwithstanding the expiration of the original statute of limitations. Though the *Swearengen* opinion appears inconsistent with the letter and spirit of Tenn. Code Ann. § 20-1-119, it presents an unreasonable risk to the plaintiff of allowing defendants to blame unidentified non-parties. In contrast, Defendant Outotec is not prejudiced as Plaintiff is not seeking to strike its comparative fault defense in its entirety- it is only asking this court to do so for the unidentified and potentially non-existent "other persons or parties," which it could later move to amend and add, if actually identified.

### III. Conclusion

Plaintiff does not dispute the Defendant's right to allege the fault of others. If Defendant Outotec is able to identify other persons who caused Anthony Baker's injuries, Defendant Outotec should be allowed to do so consistent with Tennessee law of comparative fault. As the pleadings stand, the Plaintiff has no way to know the identity of "other persons or parties" against whom Defendant Outotec is attempting to shift fault. Thus, Plaintiff is unable to amend his Complaint to allege fault against the other potential tortfeasors and is denied the statutory protection of Tenn. Code Ann. § 20-1-119. Defendant should not be permitted to gain the advantages of comparative

fault (i.e., potentially asking the jury to assign fault to others) without properly invoking the state law doctrine (i.e., identifying the blamed parties and their negligent acts or omissions).

Respectfully submitted,

**/s/ Elizabeth Sitgreaves**
Elizabeth Sitgreaves, BPR#027539
Brandon E. Bass, BPR# 22014
LAW OFFICES OF JOHN DAY, P.C.
5141 Virginia Way, Suite 270
Brentwood, TN 37027
Telephone:    615.742.4880
Facsimile:    615.742.4881
bbass@johndaylegal.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that, on May 11, 2022, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by U.S. mail. Parties may access this filing through the Court's electronic filing system.

Aron Karabel
Waller Lansden Dortch & Davis, LLP
511 Union Street
Suite 2700
Nashville, TN 37219
(615) 244-6380
*Attorney for Defendant*
*Nyrstar Clarksville Inc.*

John T. Feeney
Feeney & Murray, P.C.
9019 Overlook Blvd.
Suite D-4
Brentwood, TN 37027
(615) 377-9000

*Attorney for Defendant*
*Nyrstar Clarksville Inc.*

Matthew Hinson
Butler Snow LLP
The Pinnacle at Symphony Place
150 3rd Avenue South
Suite 1600
Nashville, TN 37201
(615) 651-6700
*Attorney for Defendant*
*Outotec (USA) Inc.*

                                                  **/s/ Elizabeth Sitgreaves**
                                                  Brandon E. Bass